CIV-26-1343-G

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
OKLAHOMA

THESE BLUEBIRD DAYS, LLC, an Oklahoma Limited Liability Company,

ALEXANDER HEADLEY

Plaintiff,

v.

**FILED**

JUN 09 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA,
BY_____, DEPUTY

BRANSON - McKIDDY REAL ESTATE INC. dba BERKSHIRE HATHAWAY
HOMESERVICES BENCHMARK REALTY, TERRY L. O'RORKE as agent and
individually, and PAMELA J. O'RORKE as agent and individually.

FIRST AMERICAN FINANCIAL CORP., dba FIRST AMERICAN TITLE
INSURANCE COMPANY and DEBBIE BOURBONNAIS as agent and individually.

BROWN AND SONS TOWING & RECOVERY, LLC, and SCOTT BROWN as agent
and individually.

JACKIE L. MEEKS individually, and KARLA JO MEEKS individually.

EMERALD ACRES LAND & CATTLE CO LLC, and GAIL D. PLUMMER
individually.


Defendants.


Case No: _____


VERIFIED COMPLAINT AND PETITION FOR REPLEVIN(Jury Trial Demanded)


Plaintiff, THESE BLUEBIRD DAYS, LLC ("Plaintiff"), by and through its sole member
appearing pro se, alleges and states as follows:


I. PARTIES AND JURISDICTION

1. Plaintiff THESE BLUEBIRD DAYS, LLC is an Oklahoma Limited Liability
   Company whose sole member is a citizen of the State of Colorado.
2. Defendant BRANSON - McKIDDY REAL ESTATE INC. dba BERKSHIRE
   HATHAWAY HOMESERVICES BENCHMARK REALTY is a real estate
   brokerage operating in Shawnee, Pottawatomie County, Oklahoma.

3. Defendant TERRY L. O'RORKE as agent for BERKSHIRE HATHAWAY HOMESERVICES and individually, and PAMELA J. O'RORKE as agent for BRANSON - McKIDDY REAL ESTATE INC. and Managing broker for BERKSHIRE HATHAWAY HOMESERVICES and individually, together they are a married man and wife both believed to be citizens of Oklahoma.

4. Defendant FIRST AMERICAN FINANCIAL CORP., dba FIRST AMERICAN TITLE INSURANCE COMPANY and DEBBIE BOURBONNAIS as agent and individually, is a title and escrow company operating in Shawnee, Pottawatomie County, Oklahoma.

5. Defendant BROWN AND SONS TOWING & RECOVERY, LLC, and SCOTT BROWN as agent, is a towing company operating in Shawnee, Pottawatomie County, Oklahoma.

6. Defendants JACKIE L. MEEKS, and KARLA JO MEEKS a married man and wife, and GAIL D. PLUMMER are individuals believed to be citizens of Oklahoma.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 (Diversity of Citizenship) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 (Federal Question) and 18 U.S.C. Section 1964(c) (Civil RICO).

9. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claims occurred in Shawnee, Pottawatomie County, Oklahoma.

## II. FACTUAL ALLEGATIONS

10. On or about February 6, 2024, at the direction of Plaintiff and for Plaintiff's exclusive benefit, GLOMACO, LLC, a Florida limited liability company acting as Plaintiff's agent, caused a wire transfer of $50,000.00 to be transmitted from Florida to Defendant FIRST AMERICAN TITLE INSURANCE COMPANY in Oklahoma, as a deposit on a ranch property located in Pottawatomie County, Oklahoma.

11. Plaintiff is the intended beneficiary and equitable owner of said $50,000.00 deposit. GLOMACO, LLC transmitted said funds solely on Plaintiff's behalf and at Plaintiff's direction. Plaintiff has standing to recover these funds as the real party in interest under Fed. R. Civ. P. 17(a).

12. Defendants BERKSHIRE HATHAWAY HOMESERVICES BENCHMARK REALTY and FIRST AMERICAN TITLE INSURANCE COMPANY induced Plaintiff to execute documents via electronic signature, which were represented to contain a first right of refusal on the subject property.

13. Defendants failed and refused to provide Plaintiff with copies of the executed documents, preventing Plaintiff from verifying the terms to which Plaintiff had agreed.

14. Defendants subsequently released and disbursed the $50,000.00 deposit without Plaintiff's authorization and in breach of the escrow agreement.

15. The use of interstate wire communications to execute this scheme constitutes Wire Fraud under 18 U.S.C. Section 1343, and constitutes predicate acts of racketeering activity under 18 U.S.C. Section 1961(1).

16. Plaintiff stored a 1997 Chevrolet Express G2500 cargo van, VIN 1GCGG25R8V1081778, ("the Van") on the subject ranch property with the express permission of Defendant TERRY O'RORKE agent for BERKSHIRE HATHAWAY HOMESERVICES BENCHMARK REALTY.

17. On or about June 6, 2024, without Plaintiff's knowledge or consent, Defendant BROWN AND SONS TOWING & RECOVERY, LLC towed the Van from the property.

18. Defendant BROWN AND SONS failed to verify the authority of the party requesting the tow, despite Plaintiff having express permission from Defendant TERRY O'RORKE agent for BERKSHIRE HATHAWAY to store the Van on the property.

19. Upon discovery, Plaintiff found that personal property and contents stored within the Van had been stolen and converted while in Defendants' possession or control.

20. The Van and its contents have not been returned to Plaintiff despite demand.

## III. CAUSES OF ACTION

COUNT I: REPLEVIN(Against Defendants Brown and Sons Towing & Recovery, LLC and Berkshire Hathaway HomeServices Benchmark Realty)(12 O.S. Section 1571 et seq.)

21. Plaintiff realleges and incorporates paragraphs 1 through 19 as if fully set forth herein.

22. Plaintiff is the lawful owner of the 1997 Chevrolet Express G2500, VIN 1GCGG25R8V1081778.

23. Defendants wrongfully detained and exercised dominion over the Van without lawful authority.

24. Plaintiff is entitled to immediate return of the Van and all contents pursuant to 12 O.S. Section 1571, and to an Order of Delivery upon filing of this Petition.

COUNT II: CONVERSION(Against All Defendants)

25. Plaintiff realleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

26. Defendants exercised unauthorized dominion and control over Plaintiff's Van, its contents, and the $50,000.00 escrow deposit, depriving Plaintiff of possession and use.

27. Plaintiff has suffered damages in an amount to be proven at trial, but no less than $50,000.00 plus the fair market value of the Van and its converted contents.

**COUNT III: FRAUD(Against Defendants Berkshire Hathaway HomeServices Benchmark Realty and First American Title Insurance Company)**

28. Plaintiff realleges and incorporates paragraphs 1 through 26 as if fully set forth herein.

29. Defendants made material misrepresentations regarding the nature and terms of the documents Plaintiff was induced to sign electronically.

30. Defendants concealed the true terms of said documents by refusing to provide copies to Plaintiff.

31. Plaintiff reasonably relied on Defendants' representations to Plaintiff's detriment, resulting in the loss of $50,000.00.

**COUNT IV: CIVIL RICO(Against Defendants Berkshire Hathaway HomeServices Benchmark Realty and First American Title Insurance Company)(18 U.S.C. Section 1962(c))**

32. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

33. Defendants constitute an "enterprise" within the meaning of 18 U.S.C. Section 1961(4), engaged in activities affecting interstate commerce.

34. Defendants conducted and participated in the affairs of said enterprise through a pattern of racketeering activity, including but not limited to:a. Wire Fraud in violation of 18 U.S.C. Section 1343, through the use of interstate wire communications to induce the $50,000.00 wire transfer on February 6, 2024; and b. Additional predicate acts to be identified through discovery.

35. Plaintiff has suffered injury to business and property by reason of Defendants' racketeering activity in an amount no less than $50,000.00.

36. Pursuant to 18 U.S.C. Section 1964(c), Plaintiff is entitled to treble damages, costs, and reasonable attorneys' fees.

**COUNT V: CIVIL CONSPIRACY(Against All Defendants)**

37. Plaintiff realleges and incorporates paragraphs 1 through 35 as if fully set forth herein.

38. Defendants combined and agreed to engage in the unlawful acts described herein, including the unauthorized towing of the Van, the conversion of its contents, and the fraudulent misappropriation of the $50,000.00 escrow deposit.

39. Each Defendant committed overt acts in furtherance of the conspiracy, causing Plaintiff damages.

IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff THESE BLUEBIRD DAYS, LLC respectfully requests that this Court:

A. Issue an Order of Delivery pursuant to 12 O.S. Section 1571 for the immediate return of the 1997 Chevrolet Express G2500, VIN 1GCGG25R8V1081778;

B. Award compensatory damages in the amount of $50,000.00 for the misappropriated escrow deposit;

C. Award compensatory damages for the fair market value of the Van and all converted contents;

D. Award treble damages pursuant to 18 U.S.C. Section 1964(c);

E. Award punitive damages against all Defendants for their willful and malicious conduct;

F. Award Plaintiff's costs of suit; and

G. Award such other and further relief as this Court deems just and proper.

VERIFICATION

I, ALEXANDER HEADLEY, declare under penalty of perjury that I am the sole member of THESE BLUEBIRD DAYS, LLC, that I have read the foregoing Verified Complaint, and that the facts stated therein are true and correct to the best of my knowledge and belief.

Executed on: June 5, 2026

/s/ ALEXANDER HEADLEY, ALEXANDER HEADLEY, Pro Se Sole Member, These Bluebird Days, LLC 824 SOUTH HARRISON STREET PMB 305 KIOWA, OK 74553 970-390-7785 AJINVESTMENTS.ALEX@GMAIL.COM