**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

1. These Bluebird Days, LLC,

Plaintiff,

v.

1. Berkshire Hathaway Homeservices Benchmark Realty;
2. First American Title Insurance Company;
3. Brown and Sons Towing & Recovery, LLC;
4. Terry O'Rorke;
5. Debbie Bourbonnais;
6. Jackie L. Meeks;
7. Karla Jo Meeks;
8. Gail D. Plummer; and
9. Emerald Acres Land and Cattle Co. LLC,

Defendants.

Civil Action No. 5:26-cv-01343-G

**MOTION TO DISMISS OF DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY AND DEBBIE BOURBONNAIS, WITH BRIEF IN SUPPORT**

Defendants First American Title Insurance Company ("First American") and Debbie Bourbonnais ("Bourbonnais" and together with First American, the "Defendants") respectfully move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims brought against Defendants by Plaintiff These Bluebird Days, LLC ("Plaintiff"). For their Motion, Defendants would show the Court as follows:

## I. INTRODUCTION

Plaintiff's lawsuit must be dismissed for multiple reasons. First, Plaintiff, a limited liability company, is not represented by an attorney. Rather, the filings made on behalf of

Plaintiff were signed by the Plaintiff's sole member, who is not licensed to practice law in Oklahoma. Second, Plaintiff's corporate status has gone inactive, which bars it from commencing litigation. Third, Plaintiff has failed to state a claim. Even when the facts of the First Amended Verified Complaint [Doc. 8] (the "Complaint") are taken as true, Plaintiff's claims are incomprehensible and legally deficient. Finally, several of the claims are barred by the statute of limitations. Based on the foregoing, the claims against the Defendants should be dismissed.

## II. ARGUMENTS AND AUTHORITIES

### A. The Case Must Be Dismissed Because Plaintiff is Not Represented By Counsel

It is black letter law that "a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). The Local Civil Rules echo this longstanding requirement, providing that "[p]arties who are not natural persons may not appear pro se." LCvR17.1; *see also Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (holding that local rules "have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner").

When a case is filed on behalf of a corporate entity that is not represented by an attorney, dismissal of the action is appropriate. *See, e.g.*, *Owens v. Befort*, 25-CV-4019-EFM-RES, 2025 WL 2614144, at *2 (D. Kan. Sept. 10, 2025), *reconsideration denied, Owens v. Befort*, 25-CV-4019-EFM-RES, 2025 WL 2996792 (D. Kan. Oct. 24, 2025)

(dismissing claims brought on behalf of corporation by a pro se litigant); *Dave's Driving Sch., LLC v. Utah Dep't of Pub. Safety*, 2:24-CV-00178-DAK-JCB, 2025 WL 849232, at *2 (D. Utah Feb. 27, 2025), *report and recommendation adopted, Dave's Driving Sch., LLC v. Utah Dep't of Pub. Safety*, 2:24CV00178-DAK-JCB, 2025 WL 842785 (D. Utah Mar. 18, 2025) (same); *Kriston v. Peroulis*, CIV.A09CV00909MSKMEH, 2010 WL 370328, at *2 (D. Colo. Jan. 28, 2010) (same).

Here, the Complaint was signed by Alexander Headley as the Sole Member of Plaintiff. Mr. Headley does not appear to be a licensed attorney, and no other party or attorney has entered an appearance in the matter on behalf of Plaintiff. Plaintiff is an Oklahoma limited liability company. As such, it cannot appear in this matter without counsel. Therefore, the filing of this suit was improper, and the case should be dismissed.

**B. Plaintiff Lacks Capacity to File Suit**

A corporation's capacity to sue is "determined by the law under which it is organized." Fed. R. Civ. P. 17(b)(2). Under Oklahoma law, which is the state of organization of Plaintiff, an entity that ceases to be in good standing "may not maintain any action, suit or proceeding in any court of this state until the domestic limited liability company . . . has been reinstated in good standing . . . ." 12 O.S. § 2055.2.

The Oklahoma Secretary of State's records indicate that Plaintiff is "Inactive," having failed to timely file its annual report:

THESE BLUEBIRD DAYS LLC

| Details | |
|---|---|
| Filing Number: | 3513543383 |
| Name Type: | Legal Name |
| Status: | Inactive |
| Corp type: | Domestic Limited Liability Company |
| Jurisdiction: | Oklahoma |
| Formation Date: | 21 Dec 2023 |

| Registered Agent Information | |
|---|---|
| Name: | ALEX HEADLEY |
| Effective: | 21 Dec 2023 |
| Address: | 34999 SANDY ROCK RD |
| City, State , ZipCode: | TECUMSEH OK 74873 |

*See* Oklahoma Secretary of State Entity Summary Information, available at https://www.sos.ok.gov/corp/corpInformation.aspx?id=3513543383. As Plaintiff is inactive, it lacks the capacity to bring suit. Therefore, this case must be dismissed.

**C. Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted**

A Rule 12(b)(6) motion to dismiss challenges a plaintiff's complaint as failing to sufficiently state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Employees Ret. Sys, of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792

(10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts view "well-pleaded factual allegations in a complaint . . . in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013). Here, Plaintiff has failed to state a cognizable claim, warranting dismissal.

***i. Plaintiff Has Failed to State a Claim for Civil RICO***

Plaintiff has failed to properly allege a claim against Defendants for violation of the Racketeering and Corrupt Organizations Act ("RICO"). The elements of a civil RICO claim are "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern of racketeering activity. 18 U.S.C. § 1962(a), (b) & (c)." *Tal v. Hogan,* 453 F.3d 1244, 1261 (10th Cir. 2006). One must participate in the operation or management of the enterprise itself in order to be subject to § 1962(c) liability. *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 1170 (1993); *see also Boyle v. United States*, 556 U.S. 938, 129 S.Ct. 2237 (2009) ("unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."). RICO targets "racketeering activity" and imposes liability on those who engage in certain prohibited activities. *See Flowers v. Continental Grain Co.* 775 F.2d 1051, 1053 (8th Cir. 1985). Here, Plaintiff has failed to plead the necessary elements.

A plaintiff seeking recovery under RICO must allege the defendant committed two or more of the criminal offenses constituting a "pattern" of racketeering activity. *Id.* Plaintiff fails to allege facts to support any elements of a RICO claim. In support of its

RICO claim, Plaintiff identifies three acts it claims constitute predicate acts: (1) wire/mail fraud, (2) fraud in the inducement, and (3) conversion.

However, Plaintiff has failed to plead, with particularity, the elements necessary to establish wire/mail fraud. The offenses of mail and wire fraud "require use of the mails or wires coupled with an intent to defraud." *Clayton v. Stephens*, 6 F. Supp. 2d 480, 485 (E.D.N.C. 1996), *aff'd, Clayton v. Stephens*, 145 F.3d 1323 (4th Cir. 1998) (citing 18 U.S.C. §§ 1341, 1343). Mail and wire fraud must be pled with particularity. *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 990 (10th Cir. 1992) (dismissing RICO claim where plaintiff failed to plead predicate act of mail fraud with particularity); *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) ("the threat of treble damages and injury to reputation which attend RICO actions justify requiring plaintiff to frame its pleadings in such a way that will give the defendant, and the trial court, clear notice of the factual basis of the predicate acts").

Plaintiff's allegations are that "[o]n information and belief" Defendants "utilize[ed] interstate wire facilities to transmit these false status reports." *See* Complaint ¶ 5. The Complaint fails to describe what the "false status reports" were, when they were allegedly transmitted, to whom they were transmitted, how they were transmitted, or what they contained. Further, Plaintiff's allegation is based on "information and belief," reflecting that Plaintiff is merely guessing that such acts actually took place without any good faith basis. Clearly, Plaintiff has failed to satisfy the requirement that mail and wire fraud be pled with particularity and, as such, has not established a predicate act to support the RICO claim.

Plaintiff also claims fraud in the inducement as an additional predicate act. Common law fraud, however, does not constitute a predicate act under RICO. *Watral v. Silvernails Farms, LLC*, 177 F. Supp. 2d 141, 148 (E.D.N.Y. 2001), *aff'd sub nom. Watral v. Silvernails Farm LLC.*, 51 Fed. Appx. 62 (2d Cir. 2002)

The final claimed predicate act, conversion, similarly does not qualify as a RICO predicate. *See, e.g.*, *Clayton v. Stephens*, 6 F. Supp. 2d 480, 485 (E.D.N.C. 1996), aff'd, *Clayton v. Stephens*, 145 F.3d 1323 (4th Cir. 1998) ("plaintiff cannot maintain a RICO claim based on" larceny, receiving stolen goods, or conversion). Because Plaintiff has failed to identify at least two predicate acts, the RICO claim fails and must be dismissed.

Further, the Supreme Court further requires that there be a relationship between the predicate acts and the threat of continuing activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 236 (1989). Here, Plaintiff fails to identify any continuity between the alleged mail/wire fraud and conversion. The mail/wire fraud relate to the wire of $50,000 related to a real estate transaction. The conversion claim stems from the towing of a van. The two acts have no apparent connection, failing to satisfy the requirement that the predicate acts reflect continuity, a pattern, or the threat of future criminality. Accordingly, dismissal is appropriate.

***ii. Plaintiff Has Failed to State a Claim for Fraudulent Inducement***

In order to establish a claim for fraudulent inducement, a plaintiff must prove: "1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his (or her) own detriment." *Bowman v. Presley*, 2009

OK 48, ¶ 13, 212 P.3d 1210, 1218. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff to "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

Here, the Complaint contains a single sentence to support the claim for fraudulent inducement: "Defendants O'Rorke and Bourbonnais made material misrepresentations during the January Sham Closing to induce Plaintiff's continued participation and subsequent $50,000.00 payment." *See* Complaint ¶ 17. The Complaint fails to explain, though, what the actual contents of the alleged material misrepresentations were. Nothing else in the Complaint would support any fraudulent inducement claim, and Plaintiff's allegations, in general, are disjointed and unclear as to the claimed sequence of events. Defendants are left guessing as to the basis of the fraudulent inducement claim. As Plaintiff has failed to meet its pleading burden, this claim should be dismissed.

***iii. Plaintiff Has Failed to State a Claim for Breach of Fiduciary Duty***

Plaintiff's third count is for breach of fiduciary duty against Defendants, alleging that they owed a fiduciary duty as escrow agents. Plaintiff's allegations, however, are missing a key allegation—that Defendants violated the purported escrow agreement.

Escrow agents have a fiduciary duty to perform the duties assumed under the terms of an escrow agreement with reasonable skill, ordinary diligence, and scrupulous honesty. *Fed. Deposit Ins. Corp. v. First Nat. Bank & Tr. Co. of Oklahoma City*, 496 F. Supp. 294, 297 (W.D. Okla. 1980). However, "[g]enerally, no liability attaches for the depositary's

failure to do something not required by the terms of the escrow, or for a loss incurred while obediently following the escrow instructions without neglect or fraud." *Id.* at 298.

The Complaint fails to contain any allegations that Defendants failed to comply with the provisions of the purported escrow agreement. The only assertion supporting the breach of fiduciary duty claim is:

> **COUNT III: BREACH OF FIDUCIARY DUTY (Against First American and Debbie)**
>
> 18. As escrow agents, Defendants owed a fiduciary duty to Plaintiff, which was breached by the unauthorized disbursement of $50,000.00.

*See* Complaint ¶ 18. The Complaint states in a conclusory manner that the disbursement was "unauthorized." However, it fails to provide any information or explanation as to what requirement under the escrow agreement was violated or what duty was breached. By failing to set out this requisite element for a breach of fiduciary duty claim, the Complaint fails to state a claim.

Further, to the extent Plaintiff is claiming that Defendants breached a fiduciary duty through alleged fraudulent activity, such fraudulent activity must be pled with particularity. For the same reason the claim for fraudulent inducement is deficient, so is the claim for breach of fiduciary duty. Therefore, such claim must be dismissed.

***iv. Plaintiff Has Failed to State a Claim for Replevin and Conversion Against Defendants***

Plaintiff's fourth cause of action is for replevin and conversion, seeking the recovery of a 1997 Chevy Express van. Plaintiff's Complaint, however, fails to contain any allegations as to Defendants that would support such a claim. The only assertion in the Complaint related to the van provides that:

> **C. Predicate Act 3: The June Conversion (Theft)**
>
> 14. On or about April 3, 2024, potentially to finalize a subsequent sale to a new buyer, Defendants coordinated the non-consensual tow of Plaintiff's 1997 Chevy Express G2500 van by Defendant Brown and Sons.
>
> 15. Specialized construction tools, including fiber optic equipment valued at $50,000.00 was converted or stolen while in Defendants' custody, this was discovered on or about June 6 2024, when plaintiff was on site at the defendant brown tow yard, only after being notified of a sale via mail that was sent to his P.O. Box in Colorado one day earlier. All of the high dollar items including the wheels and tires were removed and plaintiff was told it was "thrown away" to facilitate a sale, which the defendant was supposed to have in the next "few days" according to the front desk clerk.

*See* Complaint ¶¶ 14-15.

None of these allegations concern any acts by Defendants. Rather, they provide that the van was towed by co-Defendant Brown and Sons to its tow yard, and that certain items related to the van were disposed of by Brown and Sons. There are no allegations that Defendants towed the van, disposed of any contents thereof, or are in possession of any property allegedly owned by Plaintiff. As such, Plaintiff has failed to plead sufficient facts to support a claim for conversion or replevin against Defendants, and such claims should be dismissed.

***v. Plaintiff's Non-Rico Claims Are Barred By the Statute of Limitations***

"Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Mittal Well Tech, LLC v. Prof'l Well Servs., Inc.*, CIV-08-697-D, 2008 WL 5111160, at *1 (W.D. Okla. Dec. 2, 2008). The applicable statute of limitations for each of Plaintiff's non-RICO claims is two years:

> <u>Fraudulent Inducement</u>. *See* 12 O.S. § 95(A)(3); *MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, CIV-06-1345-M, 2010 WL 11519867, at *8 (W.D. Okla. Jan. 28, 2010).

> Breach of Fiduciary Duty. *See* 12 O.S. § 95(A)(3); *Farley v. Stacy*, 14-CV-0008-JHP-PJC, 2015 WL 3866836, at *14 (N.D. Okla. June 23, 2015), *aff'd, Farley v. Stacy*, 645 Fed. Appx. 684 (10th Cir. 2016).
>
> Replevin and Conversion. *See* 12 O.S. § 95(A)(3); *Mittal Well Tech*, 2008 WL 5111160, at *1.

According to the Complaint, the underlying closing took place on January 26, 2024:

> 1. On Friday, January 26, 2024, at approximately 3:00 PM CST, at the offices of First American Title located at 123 W. Highland St., Shawnee, OK, Defendants Terry O'Rorke and Debbie Bourbonnais orchestrated a fraudulent "Paper Closing."

*See* Complaint ¶ 1. The Complaint further alleges that the wire was made on February 6, 2024:

> 12. On or about February 6, 2024, Plaintiff caused $50,000.00 to be wired to First American.

*See* Complaint ¶ 12. Finally, the Complaint alleges that the 1997 Chevy Express van was towed on April 3, 2024, and that Plaintiff "discovered" the alleged conversion on June 6, 2024:

> 14. On or about April 3, 2024, potentially to finalize a subsequent sale to a new buyer, Defendants coordinated the non-consensual tow of Plaintiff's 1997 Chevy Express G2500 van by Defendant Brown and Sons.
>
> 15. Specialized construction tools, including fiber optic equipment valued at $50,000.00 was converted or stolen while in Defendants' custody, this was discovered on or about June 6 2024, when plaintiff was on site at the defendant brown tow yard, only after being notified of a sale via mail that was sent to his P.O. Box in Colorado one day earlier. All of the high dollar items including the wheels and tires were removed and plaintiff was told it was "thrown away" to facilitate a sale, which the defendant was supposed to have in the next "few days" according to the front desk clerk.

*See* Complaint ¶¶ 14-15.

The case at issue was filed on June 9, 2026, more than two years after all events allegedly giving rise to Plaintiff's claims, including Plaintiff's "discovery" of the final

alleged act of conversion. As such, Plaintiff's non-RICO claims are untimely and must be dismissed.

## III. CONCLUSION

This matter must be dismissed because (1) Plaintiff filed this suit without representation; (2) Plaintiff lacks the capacity to bring suit, (3) Plaintiff has failed to state a claim, and (4) Plaintiff's non-RICO claims are barred by the statute of limitations. Therefore, the Court should dismiss this action with prejudice and without leave, and grant Defendants such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Clayton D. Ketter*

Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
**PHILLIPS MURRAH P.C.**
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
***Attorneys for Defendants First American Title Insurance Company and Debbie Bourbonnais***

**CERTIFICATE OF SERVICE**

I hereby certify on this 13th day of August 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all those registered within the ECF, and served the attached document by mail and email on the following:

Alexander Headley
824 South Harrison Street PMB 305
Kiowa, OK 74553
Ajinvestments.alex@gmail.com
***Attorneys for Plaintiffs***

*/s/ Clayton D. Ketter*
Clayton D. Ketter, OBA No. 30611