**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

**THESE BLUEBIRD DAYS, LLC,**
Plaintiff,
v.
BERKSHIRE HATHAWAY HOMESERVICES BENCHMARK REALTY; FIRST AMERICAN TITLE INSURANCE COMPANY; BROWN AND SONS TOWING & RECOVERY, LLC; TERRY O'RORKE; DEBBIE BOURBONNAIS; JACKIE L. MEEKS; KARLA JO MEEKS; GAIL D. PLUMMER; and EMERALD ACRES LAND AND CATTLE CO. LLC,
Defendants.

FILED
SEP 08 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ________, DEPUTY

**Civil Action No. 5:26-cv-01343-G**

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY AND DEBBIE BOURBONNAIS [DOC. 12]**

Plaintiff These Bluebird Days, LLC ("Plaintiff") respectfully opposes the Motion to Dismiss filed August 13, 2026 by Defendants First American Title Insurance Company ("First American") and Debbie Bourbonnais ("Bourbonnais" and, together, the "Moving Defendants") [Doc. 12]. The Motion should be denied. In the alternative, any dismissal should be without prejudice, with leave to obtain licensed counsel and to amend the First Amended Verified Complaint [Doc. 8] (the "Complaint").

## I. INTRODUCTION

The Motion raises four grounds: (1) that Plaintiff, an Oklahoma limited liability company, is not represented by a licensed attorney; (2) that Plaintiff lacked capacity because its Oklahoma Secretary of State status was listed as inactive; (3) that the Complaint fails to state a claim; and (4) that Plaintiff's non-RICO claims are time-barred. None of those grounds supports dismissal with prejudice.

First, Plaintiff acknowledges the governing rule that an artificial entity may appear in federal court only through licensed counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001); LCvR 17.1. The proper remedy is a reasonable period of time in which to retain counsel—not an immediate dismissal with prejudice that would punish the entity for a curable defect. Plaintiff has already begun that process. Two licensed attorneys are scheduled for interviews over the next two weeks, with the first interview set for September 4, 2026. Plaintiff requests sixty (60) days to complete those interviews, retain the correct licensed counsel admitted in this Court, and permit that counsel to appear and take over the file.

Second, capacity has been cured. On August 27, 2026, Plaintiff filed its Application for Reinstatement with the Oklahoma Secretary of State (Document Number 78204180002), paying the delinquent annual certificates for 2024 and 2025. A copy is attached as Exhibit 6. Under 18 O.S. § 2055.3(B), reinstatement "relates back to and takes effect as if the domestic limited liability company . . . had never ceased to be in good standing." The Motion cites 12 O.S. § 2055.2. That is the wrong title. Capacity of an Oklahoma LLC is governed by the Oklahoma Limited Liability Company Act, Title 18.

Third, the Complaint alleges a coordinated scheme: a January 26, 2024 closing at First American's Shawnee office, a February 6, 2024 wire of $50,000.00, alleged false status communications by interstate wire, unauthorized escrow disbursement, and a later coordinated tow and stripping of Plaintiff's van and tools. Those allegations, taken as true, state at least claims for fraudulent inducement, breach of escrow fiduciary duty, and conversion/replevin against parties who allegedly coordinated the tow. Any pleading gaps under Rule 9(b) are curable by amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).

Fourth, civil RICO carries a four-year limitations period. Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143 (1987). On June 5, 2026, Plaintiff followed this Court's emergency-filing instructions and emailed the initiating papers to newcases@okwd.uscourts.gov. Under LCvR 3.2(a), that receipt date is the filing date. That commencement is well within four years of the January–June 2024 events. The two-year period the Moving Defendants invoke for the state-law claims is subject to the discovery rule, fraudulent concealment, Rule 6 computation, and the June 5, 2026 electronic filing. Conversion was discovered on or about June 6, 2024. Dismissal with prejudice on limitations is improper on the face of this Complaint.

## II. ARGUMENT

### A. Lack of Licensed Counsel Does Not Require Dismissal With Prejudice

The Moving Defendants correctly recite that a corporation or other business entity may appear in federal court only through licensed counsel. Rowland, 506 U.S. at 202; Harrison, 253 F.3d at 556; LCvR 17.1. Plaintiff does not ask this Court to disregard that rule.

What the Motion omits is the ordinary remedy. When an entity files without counsel, district courts in this Circuit routinely afford a reasonable time to retain an attorney and dismiss, if at all, without prejudice if counsel is not obtained. Immediate dismissal with prejudice, and without leave, is reserved for cases of persistent noncompliance after warning—not a first response to a newly filed civil action. See, e.g., Am. Contractors Indem. Co. v. Boeding, 490 F. App'x 141, 145 (10th Cir. 2012) (unpublished) (a limited liability company may not be represented by a non-attorney).

Alexander Headley is Plaintiff's managing member. He is not a licensed attorney. He signed the Complaint in that capacity because Plaintiff is a single-member LLC and, at filing, had

not yet retained counsel. That fact does not extinguish Plaintiff's claims. It requires that Plaintiff now appear through counsel.

Plaintiff therefore requests that the Court: (1) deny the Motion to the extent it seeks dismissal with prejudice on this ground; and (2) allow Plaintiff sixty (60) days to retain licensed counsel admitted to practice in this District and to have that counsel enter an appearance. Plaintiff is already interviewing counsel. Two attorneys are on the calendar over the next two weeks, and the first interview is September 4, 2026. Sixty days is needed to finish those interviews, hire the correct attorney, and turn the file over so counsel can appear and, if appropriate, amend. If the Court is not prepared to reach the merits until counsel appears, Plaintiff asks that the Motion be denied without prejudice to re-urging after counsel is of record, or that consideration be stayed for that sixty-day period.

Plaintiff separately notes that a memorandum discussing historical distinctions between state and federal citizenship was supplied for the Court's information. That memorandum is not the basis on which Plaintiff asks the Court to permit a non-lawyer to represent an LLC. An LLC is an artificial entity. Rowland and LCvR 17.1 control. Plaintiff will retain counsel.

**B. Plaintiff Has Capacity to Maintain This Action**

Federal Rule of Civil Procedure 17(b) looks to the law of the state of organization. Plaintiff is an Oklahoma domestic limited liability company. The relevant statutes are 18 O.S. §§ 2055.2 and 2055.3—not 12 O.S. § 2055.2, which the Motion cites.

Section 2055.2(F) of Title 18 provides that an LLC that has ceased to be in good standing "may not maintain any action, suit or proceeding in any court of this state until the domestic limited liability company . . . has been reinstated in good standing." The statute is a temporary bar on maintaining suit, not a destruction of the claim. It is cured by reinstatement.

Section 2055.3(B) then provides:

*When reinstatement under this section has become effective, the reinstatement relates back to and takes effect as if the domestic limited liability company . . . had never ceased to be in good standing and as if its articles of organization . . . had never been canceled.*

On August 27, 2026, Plaintiff submitted its electronic reinstatement, Document Number 78204180002, covering the annual certificates due December 21, 2024 and December 21, 2025, and stating that the company is active. See Exhibit 6. The Secretary of State printout attached to the Motion showed only that Plaintiff was "Inactive" for failure to file an annual report. That is the precise condition reinstatement is designed to cure. The Motion's own exhibit lists a formation date of December 21, 2023, and identifies Alex Headley as registered agent—consistent with a domestic LLC that fell out of good standing for missed annual certificates, not a company that never existed.

Because reinstatement relates back, Plaintiff has capacity to maintain this action. Even if the Court were to treat capacity as measured only at the instant of filing, the proper remedy would be dismissal without prejudice after a short stay to complete reinstatement—not dismissal with prejudice. Capacity is not an adjudication on the merits. Fed. R. Civ. P. 41(b).

The bankruptcy decisions the Moving Defendants may later invoke (addressing canceled entities that attempted to file claims after a bar date) are distinguishable. Those cases involved articles that had been canceled and filing deadlines that had expired before any reinstatement. Here, the action is pending, reinstatement has been filed, and the statute expressly commands relation back.

**C. The Complaint States Claims, and Any Pleading Gaps Are Curable**

A complaint survives Rule 12(b)(6) if it contains factual matter that, accepted as true and viewed in the plaintiff's favor, states a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Employees Ret. Sys. of R.I. v. Williams Cos., 889 F.3d 1153, 1161 (10th Cir. 2018). Pro se filings by a non-lawyer member cannot perfect an LLC's appearance, but the Court still construes a pleading's factual allegations in the light most favorable to the plaintiff at this stage. Schrock v. Wyeth, Inc., 727 F.3d 1273, 1280 (10th Cir. 2013).

**1. Civil RICO**

The elements of a § 1962(c) claim are (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. Tal v. Hogan, 453 F.3d 1244, 1261 (10th Cir. 2006). The Complaint alleges that Moving Defendants, together with co-defendants, associated to complete a land transaction and to strip Plaintiff of both the $50,000.00 escrowed funds and later personal property. That is an association-in-fact enterprise under Boyle v. United States, 556 U.S. 938 (2009): a group of persons associated together for a common purpose of engaging in a course of conduct, with relationships among those associated and longevity sufficient to pursue the purpose.

On predicate acts, the Motion is only partly right. Common-law fraudulent inducement and conversion, standing alone, are not listed in 18 U.S.C. § 1961(1). Mail and wire fraud are. 18 U.S.C. §§ 1341, 1343. The Complaint alleges use of interstate wire facilities to transmit false status reports concerning the transaction and a $50,000.00 interstate wire on or about February 6, 2024. Complaint ¶¶ 5, 12. It also alleges a January 26, 2024 in-person closing at First American's office in Shawnee at which O'Rorke and Bourbonnais allegedly orchestrated a "paper closing" and made material misrepresentations that induced the later wire. Complaint ¶¶ 1, 17.

Rule 9(b) particularity can and should be supplied by amendment: the date, place (123 W. Highland St., Shawnee), speakers (O'Rorke and Bourbonnais), the $50,000.00 wire to First

American, and the later communications concerning status and the tow. Cayman Expl. Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989), requires clear notice of the factual basis of predicate acts—not a trial record at the pleading stage. Plaintiff can identify the false statements with greater particularity in a second amended complaint once counsel appears.

Pattern and continuity. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989), requires relatedness plus continuity (closed-ended over a substantial period, or open-ended with a threat of repetition). The Motion treats the $50,000.00 real-estate wire and the van tow as unrelated events. The Complaint alleges the opposite: the tow on or about April 3, 2024 was "potentially to finalize a subsequent sale to a new buyer," and tools and equipment were stripped at the tow yard in June 2024. Complaint ¶¶ 14–15. Relatedness is measured by the same or similar purposes, results, participants, victims, or methods. Id. at 240. A buyer stripped of closing funds and then of the vehicle and tools used in connection with the property is not describing two random torts; it is describing a course of conduct against the same victim by overlapping defendants. That is enough to go forward, or at minimum to amend.

Reves v. Ernst & Young, 507 U.S. 170 (1993), requires participation in the operation or management of the enterprise. Bourbonnais is alleged to have acted at the closing and as escrow agent. First American is alleged to have received the wire and disbursed $50,000.00 without authorization. Those are operational acts, not mere peripheral services pleaded in the abstract.

If the Court finds RICO under-pleaded, the remedy is leave to amend, not dismissal with prejudice of a claim that carries treble damages and a four-year limitations period.

**2. Fraudulent inducement**

Oklahoma fraudulent inducement requires (1) a false material misrepresentation, (2) made as a positive assertion known to be false or made recklessly, (3) with intent that it be acted upon,

and (4) reliance to the plaintiff's detriment. Bowman v. Presley, 2009 OK 48, ¶ 13, 212 P.3d 1210, 1218. Rule 9(b) requires time, place, contents, speaker, and consequences. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000).

The Complaint is not limited to one sentence. It alleges a specific date (Friday, January 26, 2024, approximately 3:00 p.m. CST), a specific place (First American Title, 123 W. Highland St., Shawnee, Oklahoma), specific actors (O'Rorke and Bourbonnais), a labeled "paper closing" / "January Sham Closing," and a subsequent $50,000.00 wire on or about February 6, 2024 induced by those representations. Complaint ¶¶ 1, 12, 17. The consequence is pleaded: payment of $50,000.00 into First American and alleged unauthorized disbursement. Complaint ¶ 18.

The Moving Defendants complain that the precise words spoken are not quoted. That is a request for more particularity, not a demonstration that no claim exists. Plaintiff can amend to set out the representations made at the closing concerning title, the status of the transaction, conditions to disbursement, and who would receive the funds. Dismissal with prejudice is not the Rule 9(b) remedy for a first challenge to a verified complaint.

**3. Breach of fiduciary duty (escrow)**

An escrow agent owes a fiduciary duty to perform the duties assumed under the escrow with reasonable skill, ordinary diligence, and scrupulous honesty. FDIC v. First Nat'l Bank & Tr. Co. of Okla. City, 496 F. Supp. 294, 297 (W.D. Okla. 1980). Liability does not attach for doing something the instructions require. Id. at 298. The corollary is that liability does attach for disbursing contrary to those instructions, or for disbursing when the conditions of escrow have not been met.

The Complaint alleges that First American and Bourbonnais acted as escrow agents, received Plaintiff's $50,000.00, and made an "unauthorized disbursement" of that sum. Complaint

¶¶ 12, 18. "Unauthorized" in this setting means disbursement not authorized by the escrow instructions or by Plaintiff. That is the breach. The Motion demands that Plaintiff quote the escrow agreement in the Complaint. Plaintiff does not have those instruments in its possession. The closing, escrow, and related transactional documents were executed and maintained electronically. Plaintiff has no paper or electronic copies of them and cannot attach or quote them until they are obtained in discovery. Rule 8 does not require attachment of the controlling instrument at the 12(b)(6) stage when the fact of unauthorized release of entrusted funds is pleaded. The absence of those files from Plaintiff's possession is a reason for discovery, not a reason to dismiss with prejudice.

To the extent the fiduciary claim sounds in fraud, the same particularity that supports fraudulent inducement—date, place, actors, wire, and unauthorized release—supports it. The claims rise or fall together and should be tested after amendment, not extinguished now.

**4. Replevin and conversion**

Conversion is the taking of personal property with intent to convert it to the taker's own use. Replevin seeks return of specific property. The Complaint alleges that "Defendants coordinated the non-consensual tow" of Plaintiff's 1997 Chevrolet Express G2500 on or about April 3, 2024, "potentially to finalize a subsequent sale to a new buyer," and that specialized tools and fiber-optic equipment valued at $50,000.00, plus wheels and tires, were taken or discarded at the Brown and Sons yard, discovered June 6, 2024. Complaint ¶¶ 14–15.

The Moving Defendants read "Defendants" as meaning only Brown and Sons. That is not how the paragraph is written. It charges coordination by Defendants—plural—of a tow carried out by Brown and Sons. Coordination of a non-consensual taking is participation in conversion. A party need not drive the wrecker to be liable if it directed or arranged the taking to clear the way

for a subsequent sale. At minimum, the allegation states a claim for conspiracy to convert or aiding a conversion. If the Court concludes the Complaint does not tie First American or Bourbonnais to the van with enough factual detail, the proper course is dismissal of that count as to those two defendants without prejudice, with leave to amend, not a merits adjudication that they had no role.

**D. The Non-RICO Claims Are Not Shown to Be Time-Barred on the Face of the Complaint**

A statute-of-limitations defense may be raised under Rule 12(b)(6) only when the complaint itself shows noncompliance. Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); Dummar v. Lummis, 543 F.3d 614, 619 (10th Cir. 2008). Any ambiguity is resolved in favor of the plaintiff at this stage.

1. RICO is timely. Civil RICO is subject to a four-year statute of limitations. Agency Holding Corp., 483 U.S. at 156. The earliest event pleaded is January 26, 2024. The initiating papers were received at newcases@okwd.uscourts.gov on June 5, 2026. Under LCvR 3.2(a), that is the filing date—less than two and one-half years after the earliest event pleaded. The Motion does not argue that RICO is untimely, and it is not.

2. State-law claims and the discovery rule. The Moving Defendants apply 12 O.S. § 95(A)(3)'s two-year period to fraudulent inducement, breach of fiduciary duty, and conversion/replevin, and they run that period from the closing, the wire, or the tow. Oklahoma applies a discovery rule to fraud and to conversion in appropriate cases: the period runs from when the plaintiff knew or should have known of the injury and its cause.

The Complaint alleges that conversion of the tools and equipment "was discovered on or about June 6, 2024," after a sale notice was mailed to a Colorado P.O. Box the day before and after Plaintiff appeared at the tow yard. Complaint ¶ 15. Even if the Court treated June 6, 2024 as the accrual date, the two-year anniversary fell on Saturday, June 6, 2026. Under Federal Rule of Civil

Procedure 6(a)(1)(C), that period would continue to Monday, June 8, 2026. Plaintiff did not wait until that weekend. On Friday, June 5, 2026, the last business day before the anniversary, Plaintiff called this Court's Clerk's Office at the court-clerk number, identified himself as a pro se plaintiff facing a limitations deadline, and asked for emergency filing procedures. A clerk who identified herself as Amy directed Plaintiff to email the initiating papers to newcases@okwd.uscourts.gov. Plaintiff did so that day. Plaintiff then called again at approximately 3:30 p.m. to confirm receipt and to pay the filing fee by telephone. He was told the fee had to be sent by mail. He printed the papers, paid overnight postage, and placed the package in the mail as soon as possible the same day. A copy of that June 5, 2026 email to newcases@okwd.uscourts.gov, sent at 1:55 p.m. with the subject line "limitations deadline today please file asap," is attached as Exhibit 4. The Priority Mail Express envelope in which the filing fee and papers were sent---postage paid June 6, 2026, return receipt requested, tracking number 9571 1159 2887 6157 8750 69, scheduled for delivery June 9, 2026, and stamped received by the Clerk of this Court on June 9, 2026---is attached as Exhibit 5. LCvR 3.2(a) provides that new civil cases are considered filed as of the date they are received at newcases@okwd.uscourts.gov, regardless of when they are entered in CM/ECF, and that the filing fee is due within three business days. The June 9, 2026 date that later appeared on the docket is the date of CM/ECF entry after the mailed fee arrived. It is not the filing date that controls limitations. Whether the mail notice or the on-site discovery is the accrual date, and whether the June 5, 2026 electronic receipt timely commenced the action, are at minimum factual questions that cannot be resolved against Plaintiff on this Motion.

Fraudulent inducement and fiduciary breach tied to a "sham closing" and later "false status reports" are classic concealment facts. A plaintiff is not required to sue before the fraud is reasonably discoverable. Running the clock from January 26, 2024, as if Plaintiff then knew the

closing was a sham and the disbursement unauthorized, contradicts the Complaint's theory and is not a 12(b)(6) certainty. Separately, the failure concerning Plaintiff's right of first refusal was not known when the property sold. The sale appeared in the public record in November 2024. Plaintiff did not learn of that posting until January 2025. Between the closing and that discovery, Plaintiff checked the public record approximately every other month to determine whether the property had sold. Accrual on claims tied to the right of first refusal therefore cannot run from January 26, 2024. It runs, at the earliest, from when the sale became knowable from the public record and when Plaintiff in fact learned of it in January 2025.

3. Prejudice is the wrong remedy even if some claims are close. If any state-law count is untimely as pleaded, Plaintiff should be permitted to amend to allege discovery, concealment, and continuing acts with more precision. Dismissal with prejudice on limitations, on a motion filed before counsel appears and before any discovery, is not warranted.

**E. Dismissal With Prejudice and Without Leave Would Be Legal Error**

The Motion asks the Court to dismiss "with prejudice and without leave." That request stacks every possible defect—representation, capacity, pleading, and limitations—into a terminal sanction.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Refusal is proper only in cases of undue delay, bad faith, repeated failure to cure, or futility. Foman, 371 U.S. at 182. None of those is present. Capacity is being cured by statutory reinstatement. Representation will be cured by retaining counsel. Pleading particularity is curable. RICO is timely. State-law limitations are at least disputed.

A dismissal for lack of counsel or lack of capacity is not an adjudication on the merits. See Fed. R. Civ. P. 41(b). Granting the Motion as written would convert curable procedural defects

into a forfeiture of claims arising from a $50,000.00 escrowed payment and alleged conversion of a vehicle and $50,000.00 in tools.

## III. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Deny the Motion to Dismiss [Doc. 12];
2. In the alternative, deny the Motion without prejudice, grant Plaintiff sixty (60) days to retain licensed counsel and to file a second amended complaint, and treat reinstatement (Exhibit 6) as curing the capacity objection;
3. If any claim is dismissed, dismiss it without prejudice and with leave to amend; and
4. Grant such other relief as the Court deems just.

Respectfully submitted this 3rd day of September, 2026.

THESE BLUEBIRD DAYS, LLC
By: /s/ Alexander Headley
Alexander Headley
Managing Member (pending appearance of licensed counsel)
824 South Harrison Street PMB 305
Kiowa, OK 74553
ajinvestments.alex@gmail.com

*NOTICE: This response is signed by Plaintiff's managing member solely to meet the response deadline in LCvR 7.1(g). Plaintiff requests that the Court accept the filing for that limited purpose and allow licensed counsel to enter and, if appropriate, adopt or amend this response.*

## CERTIFICATE OF SERVICE

I certify that on September 3, 2026, I served the foregoing by email and United States Mail, postage prepaid, upon counsel of record for First American Title Insurance Company and Debbie Bourbonnais:

Melvin R. McVay, Jr.
Clayton D. Ketter
Phillips Murrah P.C.
424 N.W. 10th Street, Suite 300
Oklahoma City, OK 73103
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com

and that copies will be served on all other parties not then receiving electronic notice at their last known addresses.

/s/ Alexander Headley
Alexander Headley