**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THESE BLUEBIRD DAYS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CIV-1343-G |
| | ) | |
| BRANSON MCKIDDY REAL ESTATE, INC. D/B/A BERKSHIRE HATHAWAY HOMESERVICES BENCHMARK REALTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**EMERALD ACRES LAND & CATTLE CO., LLC AND GAIL PLUMMER'S MOTION TO DISMISS, WITH BRIEF**

Emerald Acres Land & Cattle Co., LLC ("Emerald Acres") and Gail Plummer ("Plummer"), individually, each appearing through the undersigned counsel specially and without waiving any defenses, submit this Motion to Dismiss this action as against them, and entirely, pursuant to Fed. R. Civ. P. 12(b)(6) and other applicable rules. The moving Defendants have not yet been served. They received, by regular mail only, a putative "Waiver of Service" and an unsigned document purporting to be a "Complaint" which, in fact, is not the Complaint. However, insofar as this mail alerted the moving Defendants to the *pro se* filing attempting to cloud title to real estate owned by Emerald Acres, the moving Defendants are hereby waiving service to expedite dismissal of this action. In support of dismissal, Emerald Acres and Plummer show the court as follows:

## DEFECTS MANIFEST ON THE FACE OF THE COMPLAINT

1. Plaintiff "These Bluebird Days, LLC", being a business entity, is not represented by a qualified attorney admitted to practice law. Federal Rules of Civil Procedure and Oklahoma statutes concerning signing and filing of pleadings require the state bar license number of a filing attorney to be stated. The signer, Mr. Headley, has no such bar number. As a matter of Judicial notice of adjudicative fact pursuant to Fed. R. Evid. 201; Okla. Stat. tit. 12 §2202, the membership records of the Oklahoma Bar Association contain no "Alex Headley." The undersigned certified that he has conducted an appropriate search and no such record exists.

2. Based on both the Original Complaint (Doc. 1) and Amended Complaint (Doc. 8), the parties are facially not diverse. Doc. 1 at ¶¶1-6. An Oklahoma limited liability company is an Oklahoma citizen.

3. The allegations fail to state any plausible federal claims.

4. No allegations of any conduct whatsoever by the movant Defendants appears in the operative current pleading, the Amended Complaint, Doc. 8.

## BRIEF

The Motion to Dismiss filed in this action by First American Title Insurance and Debbie Bouronnais, Doc. 12, is hereby incorporated by reference and adopted by the movant Defendants in full. In supplementation thereof, the movant Defendants provide their separate briefing to the Court.

Based on the various assertions found in the Original Complaint – many of which fail to appear in the Amended Complaint – it appears that "These Bluebird Days, LLC"

("Bluebird") allegedly paid a $50,000.00 "deposit" to secure a "Right of First Refusal" upon a parcel of Pottawatomie County Real Estate, which failed to result in any transaction involving Bluebird. The specific land is not identified, the specific contracting parties are not identified, the terms of the alleged contract are not stated or even summarized, and perhaps most importantly with regard to the present movants, not a single allegation in either the Original or Amended Complaint asserts that movant Defendants are anything but *bona fide* innocent parties. Neither pleading alleges that Emerald Acres or Plummer received the alleged van, tools or $50,000.00 deposit. Neither pleading alleges that Emerald Acres or Plummer was a contracting party with Bluebird at any time.

## I. THE PRO SE FILING IS NOT COMPETENT.

*Pro se* filings by individuals lacking direct standing, attempting to lawyer on behalf of their own companies, are properly summarily dismissed. W.D. Okla.LCvR 17.1; *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006).

## II. LACK OF DIVERSITY IS MANIFEST ON THE FACE OF THE PLEADING.

Diversity as required by 28 U.S.C. §1332 is lacking when the pleading overtly states that the plaintiff is an Oklahoma business entity and at least one defendant is also an Oklahoma citizen or business entity. That is clear on both of the pleadings so far. Dismissal on this basis is mandatory.

## III. FAILURE TO STATE ANY CLAIMS AGAINST THESE DEFENDANTS.

There must be a plausible cause of action evident on the face of the operative pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Nothing in the Amended Complaint (Doc. 8) makes any allegation that

Emerald Acres or Plummer did any act, made any representation, sent any mail, received any benefit or even did any business at all with Bluebird. It appears, comparing the Original Complaint to the Amended Complaint, that Bluebird has abandoned any claim against Emerald Acres or Plummer because it omits even asserting their citizenship as precursor jurisdictional facts. (*Compare* Doc. 8 to Doc. 1). The Court should confirm by an appropriate Order that Emerald Acres and Plummer are deemed dismissed because there are simply no allegations about or against them in the Amended Complaint. *See, e.g., Int'l Controls Corp. v. Vesco*, 556 F.2d 665 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978); *Franklin v. Kansas Dep't of Corr.,* 160 F. App'x 730, 734 (10th Cir. 2005).

The face of the Amended Complaint admits a fatal defect concerning Bluebird's speculative assertions that the realtor defendants set up a "sham" closing: Bluebird concedes that it did not have funds from an anticipated loan with which to close whatever transaction its deposit might have been applied upon. The non-refundability of the deposit is neither alleged nor denied, but regardless, no allegation is made that it was ever paid to the moving defendants, Emerald Acres or Plummer. Thus, there is no plausible cause of action in this matter against them – or anyone else. A party cannot fail to perform its own contractual obligations to purchase real property and then sue the sellers, subsequent buyers, brokers, or closing company for fraud or a "sham ceremony" when the problem was admittedly the plaintiff's own failure to close. An incomplete real estate purchase, where the buyer has failed to pay the purchase price, creates no equitable or legal interest in the land that should be allowed to cloud the title of subsequent good-faith purchasers like Emerald Acres and/or Plummer.

Bluebird's Amended Complaint vaguely references an "unrecorded" right of first refusal negotiated between Bluebird and O'Rorke. Even assuming such an agreement existed, the pleading explicitly concedes it was not recorded. Oklahoma law, at Okla. Stat. tit. 16 §15, dictates that unrecorded instruments governing real estate are wholly void as against subsequent purchasers for value who take without notice. No alleged unrecorded private agreement can be a basis for any plausible claim against the conduct or real estate title of Emerald Acres and/or Plummer.

Perhaps grasping, or perhaps realizing the diversity is utterly lacking, the Amended Complaint cites 18 U.S.C. §1962(c). To plead a plausible RICO claim, a plaintiff must allege, among other elements, the existence of an enterprise and a "pattern of racketeering activity" consisting of at least two distinct predicate acts. The Amended Complaint fails to allege a single factual or predicate act committed by Emerald Acres or Plummer. Purchasing real estate after a prior prospective buyer's deal collapses - for lack of funding, as admitted on the face of the Amended Complaint – does not constitute racketeering activity. The pleading fails to identify a RICO enterprise, fails to satisfy the heightened pleading standards for fraud under Fed. R. Civ. P. 9(b), and names no statutory basis upon which the Emerald defendants could be held liable.

Similarly, to state a plausible claim for conversion or replevin under Oklahoma law, a plaintiff must allege that a specific defendant wrongfully exerted dominion, control, or possession over the plaintiff's personal property. No such allegations are made about the Emerald defendants. The untimeliness of these accusations – based on the Amended Complaint's facial admission that Bluebird and its owner Headly had actual knowledge of

the van's towing and the release of the deposit to someone else more than two years before the Original Complaint was filed – should be dispositive with prejudice because these assertions cannot now be walked back by a contradictory amended pleading.

Because the Amended Complaint relies entirely on speculative, disconnected grievances without asserting a single coherent factual allegation linking Emerald Acres or Plummer to the enumerated Counts, it should be dismissed for failure to state a claim upon which relief can be granted, with prejudice.

Respectfully submitted,

s/ *Leif Swedlow*
Leif Swedlow, OBA #17710
Rubenstein & Pitts, PLLC
1503 E. 19th Street
Edmond, OK 73013
(405) 340-1900
(405) 340-1001 Facsimile
lswedlow@oklawpartners.com
Attorney for Emerald Acres and Plummer

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, a true, correct, and exact copy of the foregoing document was sent via ECF to all counsel of record.

s/ *Leif Swedlow*
Leif Swedlow