**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. These Bluebird Days, LLC,<br><br>Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:26-cv-01343-G |
| 1. Berkshire Hathaway Homeservices Benchmark Realty; *et al.*,<br><br>Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY AND DEBBIE BOURBONNAIS**

Defendants First American Title Insurance Company ("First American") and Debbie Bourbonnais ("Bourbonnais" and together with First American, "Defendants") file this Reply in Support of their *Motion to Dismiss* [Doc. 12] (the "Motion") and to *Plaintiff's Response and Brief in Opposition* (the "Response") [Doc. 15].[1] For their Reply, Defendants would respectfully show the Court as follows:

**A. The Response, Like the Complaint, Was Improperly Filed**

The Response acknowledges that the filing of this lawsuit was improper because Plaintiff, a corporate entity, lacks representation. Despite this, Plaintiff asks for sixty (60) additional days to potentially obtain counsel. This request should be denied.

A filing not signed by counsel is void. *See, e.g.*, *GFSI, Inc. v. San Sun Hats & Cap Co., Ltd.*, 07-2026-JWL-DJW, 2008 WL 489318, at *3 (D. Kan. Feb. 20, 2008) ("The

[1] Capitalized terms not otherwise defined herein shall have the meaning given in the Motion.

response, therefore, is void because it does not have a signature of counsel."); *Perkins v. Commodity Futures Trading Comm'n*, 207-MC-00846DB-PMW, 2008 WL 114947, at *1 (D. Utah Jan. 11, 2008) (finding motion filed by non-attorney on behalf of corporate entity to be void ab initio). Because Plaintiff was not represented by counsel when this case was filed, the commencement of the case itself is void ab initio. Likewise, the Response is a void filing, having been signed by Plaintiff's managing member, Alexander Headley, not an attorney.

In the Response, Mr. Headley expressly admits that he lacks the ability to represent Plaintiff. Nevertheless, Mr. Headley has knowingly continued to engage in the unauthorized practice of law by filing the Response. *See* 5 O.S. § 1 (prohibiting the practice of law in Oklahoma by unlicensed individuals); *In re Harrison*, 185 B.R. 607, 610 (Bankr. D. Kan. 1995) ("A person who is not a licensed attorney and attempts to represent another person or entity in court is engaging in the unauthorized practice of law."). The continued unauthorized practice of law by Mr. Headley should not be condoned or encouraged by allowing Plaintiff additional time to continue in this case without counsel.

Finally, even if the invalid filing of this lawsuit was curable and Mr. Headley did not continue to engage in the unauthorized practice of law, the request for sixty (60) additional days is unreasonable. This case was filed on June 9, 2026, over ninety (90) days ago. Plaintiff has had sufficient time to obtain counsel. It is unreasonable to force the parties and the Court to wait two additional months while Plaintiff "interviews" potential attorneys. The Court should dismiss the case.

**B. The Response Acknowledges That the Complaint is Deficient**

The Response acknowledges that the Complaint is deficient, having failed to provide the particularity required. *See* Response at 6 ("Rule 9(b) particularity can and should be supplied by amendment . . . ."). This acknowledgment, in itself, makes clear that the Motion should be granted.

Further, the granting of the Motion should be without leave to amend because the deficiency cannot be cured. As shown herein, the Response fails to identify any reasonable basis for curing the deficiencies with the claims.

***i. For the RICO Claim, Only One Potential Predicate Act is Identified***

A claim for RICO requires at least two predicate acts. *See Flowers v. Continental Grain Co.* 775 F.2d 1051, 1053 (8th Cir. 1985). The Response focuses on a single act—wire fraud for a $50,000 wire. The Response, like the Complaint, fails to identify a second qualifying predicate act.

The Response repeats allegations that Plaintiff was fraudulently induced to make the wire through false communications. However, as explained in the Motion, ordinary fraud and fraud in the inducement fail to qualify as predicate acts for a RICO claim. *See Watral v. Silvernails Farms, LLC*, 177 F. Supp. 2d 141, 148 (E.D.N.Y. 2001), *aff'd sub nom. Watral v. Silvernails Farm LLC.*, 51 Fed. Appx. 62 (2d Cir. 2002). The Response also points to the alleged towing of a van as an additional predicate act. However, conversion fails to qualify as a RICO predicate. *See, e.g.*, *Clayton v. Stephens*, 6 F. Supp. 2d 480, 485 (E.D.N.C. 1996), aff'd, *Clayton v. Stephens*, 145 F.3d 1323 (4th Cir. 1998).

Because, at best, only one predicate act has been identified, the defect cannot be cured. Dismissal with prejudice is warranted.

### *ii. The Response Fails to Identify Any Fraudulent Communication*

The Response contends that although the fraudulent communications serving as the basis for the fraudulent inducement claim were not specified in the Complaint, the error can be corrected with an amendment. However, the Response fails to actually identify the communications that are to be added.

A request for leave to amend requires that the movant provide "particular grounds for the request." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (quoting *Glenn v. First Nat'l Bank,* 868 F.2d 368, 370 (10th Cir.1989)). "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Id.* at 1186-87. This requirement ensures that courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Id.* at 1187 (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994)).

The Response, like the Complaint, hints that there were some material misrepresentations. Those actual communications, however, are never described or disclosed. Merely making a promise that the information will be revealed once leave is granted is insufficient. Accordingly, the request for leave should be denied.

### ***iii. Facts Supporting a Claim for Breach of Fiduciary Duty Are Not Pled***

The Response contends that the specific basis for the claim for breach of fiduciary duty cannot be pled because Plaintiff lacks the underlying documents that support the claim. This shows that the claim was brought without a good faith basis. The Response indicates that Mr. Headley believes the escrow agreement was breached, but that he does not know what the escrow agreement actually says. The Response bolsters that the claim for breach of fiduciary duty should be dismissed.

### ***iv. "Coordination" is Insufficient to Establish a Claim for Replevin or Conversion***

The Response provides that even though the Defendants did not directly tow or dispose of the van or its contents, that Defendants are nevertheless liable for replevin and conversion because they allegedly "coordinated" such acts.

There is no allegation, however, that Defendants are in possession of the van or its contents. Thus, a claim for replevin has not been pled and cannot be supported by the facts as alleged. *See Barton v. Warren*, 120 P.3d 484 (Okla. Civ. App. 2005) (a claim for replevin requires a showing that defendant is wrongfully detaining the property). Accordingly, any claim for replevin fails.

The assertion that Defendants "coordinated" or requested that the van be towed is also insufficient to establish a claim for conversion. A lawful tow does not constitute conversion. *Eaton v. Oklahoma Cnty. Sheriff's Dep't*, CIV-06-566-M, 2007 WL 2703153, at *5 (W.D. Okla. Sept. 13, 2007), *aff'd sub nom. Eaton v. Whetsel*, 283 Fed. Appx. 599 (10th Cir. 2008). Here, there is no assertion that the tow itself was unlawful. Rather, the

Complaint contends only that the tow was "non-consensual." Further, the alleged conversion complained of by Mr. Headley appears to be the post-towing disposition of the van and/or its contents. There are no allegations, however, that Defendants had any role whatsoever in any unauthorized disposition or otherwise "coordinated" such post-tow actions. Accordingly, Plaintiff cannot establish any valid basis for a claim of conversion. The claims for replevin and conversion should be dismissed, with prejudice.

***v. The Discovery Rule is Not Applicable***

The Response contends that the non-RICO claims, which would otherwise be barred by the running of the statute of limitations, are saved by the discovery rule. Specifically, Mr. Headley contends that he did not learn that the van had been towed until June 5 or 6, 2024, and that he emailed the Complaint to the Court Clerk's Office on June 5, 2026.

Mr. Headley, however, cannot rely on Local Civil Rule 3.2(a) to establish the date of filing as the date he purportedly emailed the pleadings to the Clerk's Office. Such local rule only applies to electronically-filed cases. *See* L.Cv.R. 3.2(a). Local Civil Rule 3.2(b) provides that for conventionally-filed cases, the filing date is when the hard copy document is actually received by the Clerk's Office. *See* L.Cv.R. 3.2(b)

The ECF Policies & Procedures Manual provides that litigants proceeding without attorney representation may not file electronically. *See ECF Policies & Procedures Manual*, § I.A.1. Rather, they are required to file paper copies with the Clerk's Office:

> **I. PRO SE LITIGANTS.**
>
> *Pro se* litigants shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents. The Clerk will scan these

> original documents but will retain the paper original only if it is illegible or is needed as a courtesy copy.

*See ECF Policies & Procedures Manual*, § II.I.

Thus, the lawsuit was filed on June 9, 2026, when the hard copy of the original complaint was received by the Clerk's Office.




*See* Doc. 1-6.

As that was more than two years after Mr. Headley allegedly discovered the wrongful conduct, the non-RICO claims are barred by the statute of limitations. Accordingly, even if Mr. Headley could correct the pleading deficiencies with the non-RICO claims, amendment would serve no purpose because the claims are barred.

## I. CONCLUSION

For the foregoing reasons and those provided in the Motion, the Court should dismiss this action with prejudice and without leave, and grant Defendants such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Clayton D. Ketter*
Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
**PHILLIPS MURRAH P.C.**
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
***Attorneys for Defendants First American Title Insurance Company and Debbie Bourbonnais***

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of September 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all those registered within the ECF, and served the attached document by mail and email on the following:

Alexander Headley
824 South Harrison Street PMB 305
Kiowa, OK 74553
Ajinvestments.alex@gmail.com
***Attorneys for Plaintiffs***

*/s/ Clayton D. Ketter*
Clayton D. Ketter, OBA No. 30611

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. These Bluebird Days, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:26-cv-01343-G |
| | ) | |
| 1. Berkshire Hathaway Homeservices Benchmark Realty; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS FIRST AMERICAN TITLE INSURANCE COMPANY AND DEBBIE BOURBONNAIS**

Defendants First American Title Insurance Company ("First American") and Debbie Bourbonnais ("Bourbonnais" and together with First American, "Defendants") file this Reply in Support of their *Motion to Dismiss* [Doc. 12] (the "Motion") and to *Plaintiff's Response and Brief in Opposition* (the "Response") [Doc. 15].[1] For their Reply, Defendants would respectfully show the Court as follows:

**A. The Response, Like the Complaint, Was Improperly Filed**

The Response acknowledges that the filing of this lawsuit was improper because Plaintiff, a corporate entity, lacks representation. Despite this, Plaintiff asks for sixty (60) additional days to potentially obtain counsel. This request should be denied.

A filing not signed by counsel is void. *See, e.g.*, *GFSI, Inc. v. San Sun Hats & Cap Co., Ltd.*, 07-2026-JWL-DJW, 2008 WL 489318, at *3 (D. Kan. Feb. 20, 2008) ("The

[1] Capitalized terms not otherwise defined herein shall have the meaning given in the Motion.

response, therefore, is void because it does not have a signature of counsel."); *Perkins v. Commodity Futures Trading Comm'n*, 207-MC-00846DB-PMW, 2008 WL 114947, at *1 (D. Utah Jan. 11, 2008) (finding motion filed by non-attorney on behalf of corporate entity to be void ab initio). Because Plaintiff was not represented by counsel when this case was filed, the commencement of the case itself is void ab initio. Likewise, the Response is a void filing, having been signed by Plaintiff's managing member, Alexander Headley, not an attorney.

In the Response, Mr. Headley expressly admits that he lacks the ability to represent Plaintiff. Nevertheless, Mr. Headley has knowingly continued to engage in the unauthorized practice of law by filing the Response. *See* 5 O.S. § 1 (prohibiting the practice of law in Oklahoma by unlicensed individuals); *In re Harrison*, 185 B.R. 607, 610 (Bankr. D. Kan. 1995) ("A person who is not a licensed attorney and attempts to represent another person or entity in court is engaging in the unauthorized practice of law."). The continued unauthorized practice of law by Mr. Headley should not be condoned or encouraged by allowing Plaintiff additional time to continue in this case without counsel.

Finally, even if the invalid filing of this lawsuit was curable and Mr. Headley did not continue to engage in the unauthorized practice of law, the request for sixty (60) additional days is unreasonable. This case was filed on June 9, 2026, over ninety (90) days ago. Plaintiff has had sufficient time to obtain counsel. It is unreasonable to force the parties and the Court to wait two additional months while Plaintiff "interviews" potential attorneys. The Court should dismiss the case.

**B. The Response Acknowledges That the Complaint is Deficient**

The Response acknowledges that the Complaint is deficient, having failed to provide the particularity required. *See* Response at 6 ("Rule 9(b) particularity can and should be supplied by amendment . . . ."). This acknowledgment, in itself, makes clear that the Motion should be granted.

Further, the granting of the Motion should be without leave to amend because the deficiency cannot be cured. As shown herein, the Response fails to identify any reasonable basis for curing the deficiencies with the claims.

***i. For the RICO Claim, Only One Potential Predicate Act is Identified***

A claim for RICO requires at least two predicate acts. *See Flowers v. Continental Grain Co.* 775 F.2d 1051, 1053 (8th Cir. 1985). The Response focuses on a single act—wire fraud for a $50,000 wire. The Response, like the Complaint, fails to identify a second qualifying predicate act.

The Response repeats allegations that Plaintiff was fraudulently induced to make the wire through false communications. However, as explained in the Motion, ordinary fraud and fraud in the inducement fail to qualify as predicate acts for a RICO claim. *See Watral v. Silvernails Farms, LLC*, 177 F. Supp. 2d 141, 148 (E.D.N.Y. 2001), *aff'd sub nom. Watral v. Silvernails Farm LLC.*, 51 Fed. Appx. 62 (2d Cir. 2002). The Response also points to the alleged towing of a van as an additional predicate act. However, conversion fails to qualify as a RICO predicate. *See, e.g.*, *Clayton v. Stephens*, 6 F. Supp. 2d 480, 485 (E.D.N.C. 1996), aff'd, *Clayton v. Stephens*, 145 F.3d 1323 (4th Cir. 1998).

Because, at best, only one predicate act has been identified, the defect cannot be cured. Dismissal with prejudice is warranted.

### *ii. The Response Fails to Identify Any Fraudulent Communication*

The Response contends that although the fraudulent communications serving as the basis for the fraudulent inducement claim were not specified in the Complaint, the error can be corrected with an amendment. However, the Response fails to actually identify the communications that are to be added.

A request for leave to amend requires that the movant provide "particular grounds for the request." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (quoting *Glenn v. First Nat'l Bank,* 868 F.2d 368, 370 (10th Cir.1989)). "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Id.* at 1186-87. This requirement ensures that courts are not required "to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Id.* at 1187 (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994)).

The Response, like the Complaint, hints that there were some material misrepresentations. Those actual communications, however, are never described or disclosed. Merely making a promise that the information will be revealed once leave is granted is insufficient. Accordingly, the request for leave should be denied.

### *iii. Facts Supporting a Claim for Breach of Fiduciary Duty Are Not Pled*

The Response contends that the specific basis for the claim for breach of fiduciary duty cannot be pled because Plaintiff lacks the underlying documents that support the claim. This shows that the claim was brought without a good faith basis. The Response indicates that Mr. Headley believes the escrow agreement was breached, but that he does not know what the escrow agreement actually says. The Response bolsters that the claim for breach of fiduciary duty should be dismissed.

### *iv. "Coordination" is Insufficient to Establish a Claim for Replevin or Conversion*

The Response provides that even though the Defendants did not directly tow or dispose of the van or its contents, that Defendants are nevertheless liable for replevin and conversion because they allegedly "coordinated" such acts.

There is no allegation, however, that Defendants are in possession of the van or its contents. Thus, a claim for replevin has not been pled and cannot be supported by the facts as alleged. *See Barton v. Warren*, 120 P.3d 484 (Okla. Civ. App. 2005) (a claim for replevin requires a showing that defendant is wrongfully detaining the property). Accordingly, any claim for replevin fails.

The assertion that Defendants "coordinated" or requested that the van be towed is also insufficient to establish a claim for conversion. A lawful tow does not constitute conversion. *Eaton v. Oklahoma Cnty. Sheriff's Dep't*, CIV-06-566-M, 2007 WL 2703153, at *5 (W.D. Okla. Sept. 13, 2007), *aff'd sub nom. Eaton v. Whetsel*, 283 Fed. Appx. 599 (10th Cir. 2008). Here, there is no assertion that the tow itself was unlawful. Rather, the

Complaint contends only that the tow was "non-consensual." Further, the alleged conversion complained of by Mr. Headley appears to be the post-towing disposition of the van and/or its contents. There are no allegations, however, that Defendants had any role whatsoever in any unauthorized disposition or otherwise "coordinated" such post-tow actions. Accordingly, Plaintiff cannot establish any valid basis for a claim of conversion. The claims for replevin and conversion should be dismissed, with prejudice.

***v. The Discovery Rule is Not Applicable***

The Response contends that the non-RICO claims, which would otherwise be barred by the running of the statute of limitations, are saved by the discovery rule. Specifically, Mr. Headley contends that he did not learn that the van had been towed until June 5 or 6, 2024, and that he emailed the Complaint to the Court Clerk's Office on June 5, 2026.

Mr. Headley, however, cannot rely on Local Civil Rule 3.2(a) to establish the date of filing as the date he purportedly emailed the pleadings to the Clerk's Office. Such local rule only applies to electronically-filed cases. *See* L.Cv.R. 3.2(a). Local Civil Rule 3.2(b) provides that for conventionally-filed cases, the filing date is when the hard copy document is actually received by the Clerk's Office. *See* L.Cv.R. 3.2(b)

The ECF Policies & Procedures Manual provides that litigants proceeding without attorney representation may not file electronically. *See ECF Policies & Procedures Manual*, § I.A.1. Rather, they are required to file paper copies with the Clerk's Office:

> **I. PRO SE LITIGANTS.**
>
> *Pro se* litigants shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents. The Clerk will scan these

> original documents but will retain the paper original only if it is illegible or is needed as a courtesy copy.

*See ECF Policies & Procedures Manual*, § II.I.

Thus, the lawsuit was filed on June 9, 2026, when the hard copy of the original complaint was received by the Clerk's Office.




*See* Doc. 1-6.

As that was more than two years after Mr. Headley allegedly discovered the wrongful conduct, the non-RICO claims are barred by the statute of limitations. Accordingly, even if Mr. Headley could correct the pleading deficiencies with the non-RICO claims, amendment would serve no purpose because the claims are barred.

## I. CONCLUSION

For the foregoing reasons and those provided in the Motion, the Court should dismiss this action with prejudice and without leave, and grant Defendants such other and further relief as is just and proper.

Respectfully submitted,

*/s/ Clayton D. Ketter*

Melvin R. McVay, Jr., OBA No. 6096
Clayton D. Ketter, OBA No. 30611
**PHILLIPS MURRAH P.C.**
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
***Attorneys for Defendants First American Title Insurance Company and Debbie Bourbonnais***

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of September 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all those registered within the ECF, and served the attached document by mail and email on the following:

Alexander Headley
824 South Harrison Street PMB 305
Kiowa, OK 74553
Ajinvestments.alex@gmail.com
***Attorneys for Plaintiffs***

*/s/ Clayton D. Ketter*

Clayton D. Ketter, OBA No. 30611