**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

THESE BLUEBIRD DAYS, LLC,
Plaintiff,

v.

BRANSON MCKIDDY REAL ESTATE, INC. d/b/a BERKSHIRE HATHAWAY HOMESERVICES BENCHMARK REALTY; FIRST AMERICAN TITLE INSURANCE COMPANY; BROWN AND SONS TOWING & RECOVERY, LLC; TERRY O'RORKE; DEBBIE BOURBONNAIS; JACKIE L. MEEKS; KARLA JO MEEKS; GAIL D. PLUMMER; and EMERALD ACRES LAND AND CATTLE CO. LLC,

Defendants.

FILED

SEP 2 1 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY [signature], DEPUTY

**Civil Action No. 5:26-cv-01343-G**

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS BRANSON MCKIDDY REAL ESTATE, INC. AND TERRY O'RORKE'S MOTION TO DISMISS [DOC. 14]**

*AND REQUEST FOR TWENTY DAYS FOR LICENSED COUNSEL TO APPEAR*

Plaintiff These Bluebird Days, LLC ("Plaintiff") opposes the Motion to Dismiss filed August 31, 2026 by Defendants Branson McKiddy Real Estate, Inc. d/b/a Berkshire Hathaway HomeServices Benchmark Realty ("Benchmark") and Terry O'Rorke ("O'Rorke" and, together, the "Moving Defendants") [Doc. 14]. The Motion should be denied. In the alternative, it should be held in abeyance or denied without prejudice, and Plaintiff should be given through and including October 9, 2026, for licensed counsel to appear and to supplement this response.

## I. INTRODUCTION

Document 14 is four pages. It does not brief a new legal theory. It adopts, under Federal Rule of Civil Procedure 10(c), the Motion to Dismiss already filed by First American Title Insurance Company and Debbie Bourbonnais [Doc. 12], on the same three grounds: no licensed counsel, lack of capacity, and failure to state a claim, including the two-year limitations argument on the non-RICO counts. Doc. 14 at 2.

Plaintiff has already answered those three grounds. See Plaintiff's Response and Brief in Opposition [Doc. 15], filed September 3, 2026. Plaintiff incorporates Document 15 here. Repeating every paragraph of that brief would add nothing. What has changed since September 3 is the counsel picture, and that change cuts against dismissal with prejudice.

On September 3 Plaintiff asked for sixty days to retain licensed counsel admitted in this Court. That request has been overtaken. Latham & Watkins LLP, which already handles Plaintiff's real-estate work, is

identifying the litigator who will enter this case. The firm has said it needs about seven days. Plaintiff therefore no longer needs sixty days. Plaintiff asks only for twenty additional days from this filing—through October 9, 2026—for that appearance to be entered and for counsel to file a supplemental opposition, or a notice adopting Documents 15 and this response.

The Moving Defendants received professional courtesy from Plaintiff. On August 5, 2026, Lauren C. Fabela of Gordon Rees Scully Mansukhani, LLP wrote that she had been retained for Benchmark and O'Rorke and asked for more time to answer the First Amended Verified Complaint [Doc. 8]. Plaintiff agreed to an answer date of August 31, 2026. They used that date to file Document 14. The same short, defined courtesy—twenty days for incoming counsel to appear—should now run the other way.

## II. RULE 10(c) DOES NOT MAKE DOCUMENT 12 STRONGER

Rule 10(c) lets a party adopt a statement in another motion. It is a drafting convenience. It is not a ruling, and it does not bind the Court to grant Document 12 as to these defendants just because they pointed at it.

Every ground they adopt is already in dispute:

Representation. Plaintiff agrees that an Oklahoma limited liability company must appear in this Court through licensed counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001); LCvR 17.1. The remedy is a reasonable period to retain that counsel, not a with-prejudice merits dismissal while the firm is being staffed. Lack of counsel is curable. It is not an adjudication on the merits. See Fed. R. Civ. P. 41(b).

Capacity. On August 27, 2026—four days before Document 14 was filed—Plaintiff filed its Application for Reinstatement with the Oklahoma Secretary of State, Document Number 78204180002, paying the delinquent annual certificates. Doc. 15, Ex. 6. Capacity has been cured. Adopting a capacity argument that was already being cured when this motion was signed does not revive it.

Rule 12(b)(6) and limitations. Document 15 walked through enterprise, wire- and mail-fraud predicates, relatedness, continuity, Rule 9(b) particularity, fraudulent inducement, fiduciary duty, conversion, replevin, and the Aldrich / Dummar face-of-the-complaint standard on limitations. Doc. 15 at 4–12; Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); Dummar v. Lummis, 543 F.3d 614, 619 (10th Cir. 2008). Those arguments apply with more force to O'Rorke than they do to a later purchaser. The Amended Complaint places O'Rorke in the room at the January 26, 2024 closing at First American's Shawnee office and ties him to the statements that induced the February 6, 2024 $50,000.00 wire. A four-page joinder that never grapples with those paragraphs does not carry the Twombly burden as to him.

First American's September 14 reply argues that every paper signed by the managing member is void and that the case is void ab initio. The Moving Defendants will likely say the same about this response. The answer is the same one already on file: accept the paper to meet LCvR 7.1(g); give licensed counsel until October 9 to appear; decide the merits on a brief a member of this bar has signed.

## III. TWENTY DAYS IS THE RELIEF THAT MATCHES THE RECORD

Plaintiff interviewed counsel beginning September 4, 2026. The search included southeast Oklahoma counsel. First American is a defendant, which knocked out at least one otherwise plausible local lawyer. The company then turned to the firm that already does its real-estate work. That firm is now placing a litigator. Seven days to name the lawyer, twenty days on the calendar for an appearance and a supplemental brief, is the shortest request that still gives incoming counsel a file and a chance to be heard.

Document 14 was filed August 31, 2026. Twenty-one days from that filing, under LCvR 7.1(g), runs to September 21, 2026. This response is filed to meet that deadline. It is signed by the managing member only for that limited purpose. Plaintiff asks the Court to accept it on that basis and to let licensed counsel adopt, supplement, or replace it by October 9.

Dismissal with prejudice is not the next step. Leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). There has been no order directing Plaintiff to appear through counsel that Plaintiff then ignored. There has been no repeated failure to cure. Capacity is reinstated. Representation is in process. The transactional documents that will tighten the Rule 9(b) allegations against O'Rorke—the closing file, the communications, the escrow instructions—are electronic and are not in Plaintiff's possession. That is a reason for counsel and for a short period of discovery. It is not a reason to extinguish claims arising from a $50,000.00 escrowed payment against the broker and the licensee who, on the pleadings, ran the closing.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Deny the Motion to Dismiss of Branson McKiddy Real Estate, Inc. d/b/a Berkshire Hathaway HomeServices Benchmark Realty and Terry O'Rorke [Doc. 14];

2. In the alternative, hold Document 14 in abeyance or deny it without prejudice, and grant Plaintiff through and including October 9, 2026, for licensed counsel to enter an appearance and to file a supplemental opposition or a second amended complaint;

3. Treat Document 15 as Plaintiff's merits response to the grounds Document 14 adopted from Document 12, subject to supplementation by incoming counsel;

4. If any claim is dismissed as to these defendants, dismiss it without prejudice and with leave to amend; and

5. Grant such other relief as the Court deems just.

Respectfully submitted this 21st day of September, 2026.

THESE BLUEBIRD DAYS, LLC

By: /s/ Alexander Headley
Alexander Headley
Managing Member (pending appearance of licensed counsel)
824 South Harrison Street PMB 305

Kiowa, OK 74553
ajinvestments.alex@gmail.com

*NOTICE: This response is signed by Plaintiff's managing member solely to meet the response deadline in LCvR 7.1(g). Plaintiff requests that the Court accept the filing for that limited purpose and allow licensed counsel to enter and, if appropriate, adopt, supplement, or amend this response.*

**CERTIFICATE OF SERVICE**

I certify that on September 21, 2026, I served the foregoing by email and United States Mail, postage prepaid, upon counsel of record for Branson McKiddy Real Estate, Inc. d/b/a Berkshire Hathaway HomeServices Benchmark Realty and Terry O'Rorke:

Lauren C. Fabela, OBA #35394
Gordon Rees Scully Mansukhani, LLP
321 South Boston Avenue, Suite 300
Tulsa, OK 74103
lfabela@grsm.com

and upon counsel of record for the other appearing defendants:

Melvin R. McVay, Jr.
Clayton D. Ketter
Phillips Murrah P.C.
424 N.W. 10th Street, Suite 300
Oklahoma City, OK 73103
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com

Leif Swedlow, OBA #17710
Rubenstein & Pitts, PLLC
1503 E. 19th Street
Edmond, OK 73013
lswedlow@oklawpartners.com

and that copies will be served on all other parties not then receiving electronic notice at their last known addresses.

/s/ Alexander Headley
Alexander Headley