UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

THESE BLUEBIRD DAYS, LLC,
Plaintiff,

v.

BRANSON MCKIDDY REAL ESTATE, INC. d/b/a BERKSHIRE HATHAWAY HOMESERVICES BENCHMARK REALTY; FIRST AMERICAN TITLE INSURANCE COMPANY; BROWN AND SONS TOWING & RECOVERY, LLC; TERRY O'RORKE; DEBBIE BOURBONNAIS; JACKIE L. MEEKS; KARLA JO MEEKS; GAIL D. PLUMMER; and EMERALD ACRES LAND AND CATTLE CO. LLC,

Defendants.

FILED
SEP 2 1 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ________, DEPUTY

**Civil Action No. 5:26-cv-01343-G**

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO EMERALD ACRES LAND & CATTLE CO., LLC AND GAIL PLUMMER'S MOTION TO DISMISS [DOC. 17]**

*AND REQUEST FOR TWENTY DAYS FOR LICENSED COUNSEL TO APPEAR*

Plaintiff These Bluebird Days, LLC ("Plaintiff") opposes the Motion to Dismiss filed September 9, 2026 by Defendants Emerald Acres Land & Cattle Co., LLC ("Emerald Acres") and Gail Plummer ("Plummer" and, together, the "Moving Defendants") [Doc. 17]. Leif Swedlow of Rubenstein & Pitts, PLLC entered an appearance for those defendants the same day [Doc. 16]. The Motion should be denied. In the alternative, it should be held in abeyance or denied without prejudice, and Plaintiff should be given through and including October 9, 2026, for licensed counsel to appear and to supplement this response.

## I. INTRODUCTION

Document 17 makes four points and then adopts the First American motion [Doc. 12] in full. The four points are that Plaintiff is not represented by a licensed attorney; that the parties are not diverse; that the Amended Complaint [Doc. 8] states no federal claim; and that Document 8 contains "no allegations of any conduct whatsoever" by Emerald Acres or Plummer. None of those points supports dismissal with prejudice, and two of them are legally wrong on the face of the papers.

First, Plaintiff already told the Court on September 3 that an entity must appear through counsel. See Doc. 15 at 1–2; Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001); LCvR 17.1. Plaintiff asked then for sixty days. That request has been overtaken by events. Latham & Watkins LLP, which already handles Plaintiff's real-estate work, is identifying the litigator who will enter this case. The firm has said it needs about seven days. Plaintiff therefore asks only for twenty additional days from this filing—through October 9, 2026—not sixty.

Summary dismissal with prejudice, while that appearance is in process, is not the remedy LCvR 17.1 contemplates.

Second, diversity is not the jurisdictional hook. The Amended Complaint invokes Civil RICO, 18 U.S.C. § 1962(c). That is a federal question under 28 U.S.C. § 1331. Supplemental jurisdiction over the state-law claims follows under 28 U.S.C. § 1367(a). An Oklahoma plaintiff and an Oklahoma subsequent purchaser do not defeat subject-matter jurisdiction in a RICO case. The "mandatory" diversity dismissal the Moving Defendants demand is not the law.

Third, the bona-fide-purchaser and unrecorded-instrument arguments under Okla. Stat. tit. 16, § 15 are merits defenses that turn on notice. Section 15 does not protect a subsequent purchaser who takes with actual or constructive notice. Plaintiff recorded a notice of lis pendens in Pottawatomie County against 34995 and 34999 Sandy Rock Road, Tecumseh, Oklahoma. Doc. 15, Ex. 7. The right-of-first-refusal sale itself hit the public record in November 2024. Those facts, accepted as true at this stage, are enough to keep Emerald Acres and Plummer in the case while counsel amends.

Fourth, the claim that Document 8 "abandoned" these defendants because it is thin on defendant-by-defendant detail is an argument for a more definite statement or for leave to amend. It is not an argument for a with-prejudice merits adjudication in favor of the current title holder. Incoming counsel should be allowed to plead the notice, the subsequent purchase, and the equitable claims against the land with the particularity Rule 8 and Rule 9(b) require.

## II. TWENTY DAYS IS ENOUGH FOR COUNSEL TO APPEAR

Plaintiff does not pretend that a managing member may practice law for an Oklahoma limited liability company in this Court. Document 15 said so. Document 17 repeats the point and adds that the Oklahoma Bar Association has no member named Alex Headley. That is true and is not in dispute.

What is in dispute is the remedy. The Moving Defendants want the entire action dismissed with prejudice, and they want that result before the lawyer who is being identified has a week to sign an appearance. Lack of counsel is curable. It is not a merits judgment. See Fed. R. Civ. P. 41(b). Courts in this Circuit give an unrepresented entity a reasonable period to retain counsel. Plaintiff has already used that period: interviews began September 4, 2026; the real-estate firm is now staffing a litigator; the sixty-day request is withdrawn in favor of twenty days.

Capacity, which Document 12 also raised and which Document 17 adopts, has already been addressed. On August 27, 2026, Plaintiff filed its Application for Reinstatement with the Oklahoma Secretary of State, Document Number 78204180002. Doc. 15, Ex. 6. A dismissal that treats a now-reinstated LLC as incapable of owning these claims would convert a cured Secretary of State default into a forfeiture of a $50,000.00 escrowed payment and of claims tied to a later conveyance of the same land.

This response is signed by the managing member only to meet LCvR 7.1(g). Document 17 was filed September 9, 2026. Twenty-one days from that filing runs to September 30. This paper is timely. Plaintiff asks the Court to accept it for that limited purpose and to let licensed counsel adopt, supplement, or replace it by October 9.

## III. DIVERSITY IS NOT REQUIRED

The Moving Defendants say dismissal is "mandatory" because Plaintiff is an Oklahoma LLC and at least one defendant is an Oklahoma citizen. Doc. 17 at 2–3. That would matter if the only alleged basis for jurisdiction were 28 U.S.C. § 1332. It is not.

Federal-question jurisdiction exists over a claim arising under the laws of the United States. 28 U.S.C. § 1331. Civil RICO is such a law. 18 U.S.C. § 1964(c); Tafflin v. Levitt, 493 U.S. 455, 458 (1990). Once a federal claim is pleaded, the Court has supplemental jurisdiction over state-law claims that form part of the same case or controversy, including claims against additional parties. 28 U.S.C. § 1367(a). Complete diversity is not an element of that statute.

The Moving Defendants may think the RICO count will fail. That is a Rule 12(b)(6) argument, not a subject-matter-jurisdiction argument. A weak federal claim still supplies § 1331 at the pleading stage unless it is wholly insubstantial or frivolous. See Bell v. Hood, 327 U.S. 678, 682–85 (1946). Document 17 does not make that showing. If the Court later dismisses the federal claim, it may then decide whether to keep the state claims under § 1367(c). That discretionary call is not the "mandatory" diversity dismissal requested here.

## IV. THESE DEFENDANTS WERE NOT DROPPED FROM THE CASE

The Moving Defendants ask the Court to "confirm by an appropriate Order that Emerald Acres and Plummer are deemed dismissed" because, they say, the Amended Complaint omitted even their citizenship and contains no conduct allegations about them. Doc. 17 at 4. They cite International Controls Corp. v. Vesco, 556 F.2d 665 (2d Cir. 1977), and Franklin v. Kansas Department of Corrections, 160 F. App'x 730, 734 (10th Cir. 2005).

Those cases deal with an amended pleading that actually removes a party. They do not hold that a named defendant is automatically out of a case because the amended complaint is thin on that defendant. Emerald Acres and Plummer remain in the caption Plaintiff has used in this Court, including on Document 15. They remain in the caption the Moving Defendants themselves used on Documents 16 and 17. They appeared. They waived service in order to seek dismissal. Parties who file a motion to dismiss are not "deemed dismissed" by the act of filing it.

If Document 8 is short on defendant-specific facts about the subsequent purchase, the cure is amendment, not a declaration that the current title holder has left the building. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). Leave is proper absent undue delay, bad faith, repeated failure to cure, or futility. None of those is present. Plaintiff has been trying to get licensed counsel into the case. The transactional documents that identify the subsequent conveyance—who signed, who paid, who took title, what notice was in the chain—are electronic and are not in Plaintiff's possession. That is a reason for a short period of discovery or for a targeted amendment. It is not a reason to quiet title by Rule 12.

## V. SECTION 15 DOES NOT END THE CASE ON THE PLEADINGS

Oklahoma's recording statute provides that unrecorded instruments affecting real estate are not valid against subsequent purchasers for value who take without notice. Okla. Stat. tit. 16, § 15. The Moving

Defendants quote the first half of that rule and ignore the second. Notice—actual or constructive—defeats bona-fide-purchaser status.

The Amended Complaint and the papers already on file supply notice facts that must be taken as true on a 12(b)(6) motion. The right-of-first-refusal sale was posted in the public record in November 2024. Plaintiff learned of that posting in January 2025 and checked the record thereafter. A notice of lis pendens covering 34995 and 34999 Sandy Rock Road, Tecumseh, is of record in Pottawatomie County. Doc. 15, Ex. 7. Whether Emerald Acres or Plummer is a purchaser without notice is a fact question. It cannot be resolved by declaring, from counsel's brief, that they are "bona fide innocent parties." Doc. 17 at 3.

The Moving Defendants also recast the case as a buyer who simply failed to fund a closing and then sued the later purchaser. That is their story of the transaction. It is not the story the pleadings tell. Plaintiff alleges a $50,000.00 interstate wire on or about February 6, 2024, into First American's escrow; a January 26, 2024 closing at 123 W. Highland Street, Shawnee, at which material statements were made; later release of that deposit; a subsequent conveyance of the same land; and a coordinated tow in April 2024. Those allegations may need more particularity as to Emerald Acres and Plummer. They are not an admission that Plaintiff "failed to perform its own contractual obligations" and therefore has no interest the recording statute will recognize.

A subsequent purchaser who takes with notice of a claimed right of first refusal, or who takes after a lis pendens is of record, is a proper defendant on claims to impose a constructive trust, to quiet title, or for other equitable relief directed at the land. Those claims belong in a second amended complaint drafted by licensed counsel. They should not be extinguished on a six-page motion that treats notice as irrelevant.

## VI. THE RULE 12(b)(6) ATTACK ON THESE TWO DEFENDANTS IS CURABLE

Twombly and Iqbal require plausibility. They do not require a trial record. Cayman Expl. Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989), requires clear notice of the factual basis of a fraud theory, not the completed proof. Document 17 is right that Document 8 does not walk through, defendant by defendant, what Emerald Acres and Plummer personally said or wired. Incoming counsel can and should supply that detail: the date of the subsequent deed, the grantor, the recorded instrument, the consideration, and the notice in the chain. That is Rule 15 work.

RICO as to these two defendants. Purchasing land after someone else's deal fails is not, standing alone, a predicate act. Plaintiff does not contend otherwise. The question is whether the subsequent purchase was the object of the alleged association-in-fact enterprise—whether the escrowed $50,000.00, the paper closing, and the later conveyance to Emerald Acres are related acts with a common purpose. See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989); Boyle v. United States, 556 U.S. 938 (2009). That theory can be pleaded with more care. It is not frivolous as a matter of law merely because Emerald Acres was the buyer at the end of the chain rather than the closer at the beginning of it.

Conversion and replevin as to these two defendants. Document 17 is also right that conversion requires a particular defendant's dominion over particular property. If the van and the tools never passed through Emerald Acres or Plummer, those counts should not run against them. Plaintiff does not ask the Court to pretend otherwise. The proper order, if the Court reaches the point before counsel appears, is

dismissal of those two counts as to these two defendants without prejudice, not a with-prejudice judgment that also wipes the title claims.

Limitations. A limitations defense may be decided on a 12(b)(6) motion only when the complaint itself shows noncompliance. Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); Dummar v. Lummis, 543 F.3d 614, 619 (10th Cir. 2008). Document 17 says Plaintiff knew of the tow and of the deposit release more than two years before the original complaint. The filing-date record is more precise than that sentence. Plaintiff called the Clerk on June 5, 2026, emailed newcases@okwd.uscourts.gov at 1:55 p.m. that day with the subject line "limitations deadline today please file asap," and sent the papers by Priority Mail Express, postage June 6, received June 9, tracking 9571 1159 2887 6157 8750 69. Doc. 15, Exs. 4–5; Doc. 1-6. The ROFR sale hit the public record in November 2024 and was learned of in January 2025. Ambiguity at this stage is resolved for the plaintiff. RICO has its own four-year clock. None of that is a with-prejudice bar on the face of Document 8.

Adoption of Document 12. Incorporating First American's motion does not add a new ground. Plaintiff has already answered Document 12. See Doc. 15. First American filed a reply on September 14, 2026, arguing that every paper signed by the managing member is void. The Moving Defendants will likely say the same about this response. The answer remains the same: accept the paper to meet the deadline; give licensed counsel until October 9 to appear; decide the merits on a brief that a member of this bar has signed.

## VII. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Deny the Motion to Dismiss of Emerald Acres Land & Cattle Co., LLC and Gail Plummer [Doc. 17];

2. In the alternative, hold Document 17 in abeyance or deny it without prejudice, and grant Plaintiff through and including October 9, 2026, for licensed counsel to enter an appearance and to file a supplemental opposition or a second amended complaint;

3. Reject the request that Emerald Acres and Plummer be "deemed dismissed" on the present record;

4. If any claim is dismissed as to these defendants, dismiss it without prejudice and with leave to amend; and

5. Grant such other relief as the Court deems just.

Respectfully submitted this 21st day of September, 2026.

THESE BLUEBIRD DAYS, LLC

By: /s/ Alexander Headley
Alexander Headley
Managing Member (pending appearance of licensed counsel)
824 South Harrison Street PMB 305
Kiowa, OK 74553

ajinvestments.alex@gmail.com

*NOTICE: This response is signed by Plaintiff's managing member solely to meet the response deadline in LCvR 7.1(g). Plaintiff requests that the Court accept the filing for that limited purpose and allow licensed counsel to enter and, if appropriate, adopt, supplement, or amend this response.*

**CERTIFICATE OF SERVICE**

I certify that on September 21, 2026, I served the foregoing by email and United States Mail, postage prepaid, upon counsel of record for Emerald Acres Land & Cattle Co., LLC and Gail Plummer:

Leif Swedlow, OBA #17710
Rubenstein & Pitts, PLLC
1503 E. 19th Street
Edmond, OK 73013
lswedlow@oklawpartners.com

and upon counsel of record for the other appearing defendants:

Lauren Chapman Fabela
Gordon Rees Scully Mansukhani, LLP
321 South Boston Avenue, Suite 300
Tulsa, OK 74103
lfabela@grsm.com

Melvin R. McVay, Jr.
Clayton D. Ketter
Phillips Murrah P.C.
424 N.W. 10th Street, Suite 300
Oklahoma City, OK 73103
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com

and that copies will be served on all other parties not then receiving electronic notice at their last known addresses.

/s/ Alexander Headley
Alexander Headley